**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4859**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES MITCHELL MCCONNELL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (CR-02-250-T; CR-03-139-T)

_____

Submitted:  August 31, 2005          Decided:  September 21, 2005

_____

Before KING, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Samuel J. Randall, IV, THE LAW OFFICE OF SAMUEL J. RANDALL, IV, PC, Wilmington, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Mitchell McConnell appeals from his 120-month sentence entered pursuant to his guilty plea to bank robbery. On appeal, he argues that the district court violated Blakely v. Washington, 542 U.S. 296 (2004), and committed Sixth Amendment error, when it enhanced his sentence under U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (2002), and determined that he was a career offender under USSG § 4B1.1, based on factual findings made only by a preponderance of the evidence. We affirm.

McConnell does not clearly challenge the fact that his prior convictions satisfy the career offender requirements, nor could he, as discussed below. In order for a defendant to be designated a career offender, the Government must establish that (1) the defendant was at least eighteen years old at the time of the instant offense, (2) that the instant offense is a felony for either a crime of violence or a controlled substance offense, and (3) that the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). The only "fact" that McConnell's brief could be construed as challenging is whether his prior convictions were for crimes of violence.

The prior convictions at issue were for kidnapping and common law robbery. Both are listed in the guidelines as "crime[s] of violence." USSG § 4B1.2, comment. (n.1). Thus, any claim that

McConnell's prior convictions were not for crimes of violence is meritless.

McConnell contends, however, that the district court plainly erred under <u>Blakely</u> in finding that the prior convictions were crimes of violence, even in light of the guideline definition and McConnell's lack of objection. We squarely rejected an identical claim in <u>United States v. Harp</u>, 406 F.3d 242, 247 (4th Cir. 2005), holding that, where a defendant has no colorable defense to the career offender designation, we will decline to exercise our discretion to correct any Sixth Amendment error. Accordingly, McConnell's claim is without merit. <u>See also</u> <u>United States v. Collins</u>, 412 F.3d 515, 522-23 & n.11 (4th Cir. 2005) (finding no Sixth Amendment violation where district court did not need to resolve any disputed facts).

Because McConnell was correctly categorized as a career offender, his base offense level was determined by the statutory maximum for his crime, rather than by his relevant conduct. <u>See</u> USSG § 4B1.1(b). Thus, his USSG § 2B3.1 enhancement had no effect on either his adjusted offense level or his final sentence. As such, he cannot show that the district court committed plain error when it imposed this enhancement after determining the underlying facts by a preponderance of the evidence. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 548 (4th Cir. 2005) (outlining prejudice requirement for showing plain error in <u>Booker</u> context).

Accordingly, we affirm McConnell's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
