**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4105**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SIM ABA CAMPBELL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-04-267)

_____

Submitted:  August 31, 2005        Decided:  September 21, 2005

_____

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sim Aba Campbell pled guilty to distribution of 12.6 grams of cocaine base (crack), 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2005) (Count Two), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count Four).  He was sentenced as a career offender to a term of 288 months imprisonment on Count Two and to a concurrent 120-month sentence on Count Four. U.S. Sentencing Guidelines Manual § 4B1.1 (2004).  Campbell appeals his sentence, arguing that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court's mandatory application of the federal sentencing guidelines violated his Sixth Amendment rights.  He further contends that the court imposed an unreasonable alternative sentence.  We affirm.

In the district court, Campbell did not dispute his career offender status.  However, citing Blakely v. Washington, 542 U.S. 296 (2004), Campbell objected to the inclusion of drug quantities he did not admit in the offense conduct section of the presentence report, to enhancements under § 2K2.1(b)(4) and (b)(5), to the assignment of any criminal history points other than for the one prior conviction he admitted pursuant to his plea agreement,[1] and to the career offender designation.  He argued that he had neither been charged with nor admitted the facts that supported the

_____

[1] Campbell admitted having one prior felony drug conviction, which subjected him to an increased penalty under 21 U.S.C.A. § 841(b)(1)(B).

- 2 -

enhancements or the increased offense level.  The court overruled Campbell's <u>Blakely</u> objections and declined to impose an alternative sentence, but added that, "[t]he only alternative the Court would impose would just be a repeat of what the Court is imposing as a part of the original sentence.  That would be the alternative sentence."

Because Campbell preserved his Sixth Amendment claim by objecting under <u>Blakely</u> to being sentenced as a career offender, we review this issue de novo.  <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003) (de novo review of preserved <u>Apprendi</u>[2] claim).  In <u>Booker</u>, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court violated the Sixth Amendment.  125 S. Ct. at 756.  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.  <u>Id.</u> at 756-67.

After <u>Booker</u>, courts must calculate the appropriate guidelines range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a)

---

[2]<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

(West 2000 & Supp. 2005), and impose a sentence. This remedial scheme applies to any sentence imposed under the mandatory sentencing guidelines, regardless of whether or not the sentence violates the Sixth Amendment. Booker, 125 S. Ct. at 769. However, ordinary doctrines such as plain error and harmless error still apply. Id.

The Supreme Court also reaffirmed its prior holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. We have since held that the application of the career offender enhancement falls within the exception for prior convictions where the facts were undisputed, making it unnecessary to engage in further fact finding about a prior conviction. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); see Shepard v. United States, 125 S. Ct. 1254 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record). In Collins, we concluded that there was no Sixth Amendment violation. 412 F.3d at 523.

Although Campbell contends that, under <u>Booker</u>, the district court violated his Sixth Amendment rights by making impermissible factual findings to classify him as a career offender, his claim is foreclosed by <u>Collins</u>. Campbell did not dispute that he satisfied the requirements for career offender status. Moreover, the district court could determine from the judicial record of Campbell's prior drug convictions that he had the necessary two prior felony convictions for a controlled substance offense. <u>See</u> USSG § 4B1.2(b). We conclude that no Sixth Amendment violation occurred.

Campbell maintains that he preserved for appeal the issue of the district court's mandatory application of the guidelines. We need not resolve this issue because, under either a plain error or harmless error standard of review, in light of the district court's indication that it would impose the same discretionary sentence, we conclude that no reversible error occurred. <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005) (noting that substantial rights inquiry under plain or harmless error is the same and that only difference is who bears burden of proof).

Finally, Campbell contends that the alternative sentence the district court said it would impose, should it choose to do so, was not reasonable because the district court did not foresee that <u>Booker</u> would make the guidelines advisory. We note that the district court did not in fact impose an alternative sentence.

Because Campbell is not serving an alternative sentence, he is not entitled to review of the district court's hypothetical alternative sentence.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED