**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4764**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY RENEE GIBBES,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (CR-03-632)

---

Submitted:  August 24, 2005        Decided:  September 9, 2005

---

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

George C. Johnson, JOHNSON, TOAL & BATTISTE, P.A., Columbia, South
Carolina, for Appellant.  J. Strom Thurmond, Jr., United States
Attorney, Mark C. Moore, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Anthony Gibbes pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (2000) and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Gibbes to the statutory minimum of 120 months. On appeal, Gibbes challenges his sentence, arguing that the district court erred in denying his request for application of U.S. Sentencing Guidelines Manual § 5C1.2 (2004), the "safety valve" provision, and that the district court violated the Sixth Amendment by enhancing his sentence based on facts not admitted by him. For the reasons set forth below, we affirm Gibbes' sentence.

The "safety valve" provision of USSG § 5C1.2 allows district courts to sentence certain defendants without regard to otherwise mandatory statutory minimums. For § 5C1.2 to apply, the defendant cannot have more than one criminal history point; the defendant cannot have used violence or threats of violence or possess a firearm or other dangerous weapon in connection with the offense; the offense cannot have resulted in death or serious bodily injury; the defendant cannot be an organizer, leader, manager, or supervisor in regard to the offense; and "not later than the time of the sentencing hearing, the defendant [must have] truthfully provided to the government all information and evidence the defendant has concerning the offense." USSG § 5C1.2. The

Government concedes that Gibbes met the first four factors, but contends that Gibbes failed to disclose all information regarding his drug conspiracy. We agree and affirm the district court's denial of the application of § 5C1.2 because Gibbes did not disclose all information relating to his drug conspiracy.

Gibbes next contends that his sentence violates <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The district court, however, sentenced Gibbes to the statutory minimum sentence of 120 months. Any fact finding by the district court, therefore, had no effect on Gibbes' sentence. <u>Cf.</u> <u>United States v. Collins</u>, 412 F.3d 515, 523 (4th Cir. 2005) ("[N]o <u>Booker</u> Sixth Amendment violation occurred here because Collins' sentence, with the addition of the career offender enhancement, still would have been the same even if the judge had not made the finding as to the drug weight"). We thus find no error in Gibbes' sentence and affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>