**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4836**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

BRIAN LEE CORBETT,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-03-187)

———————

Submitted:  September 21, 2005    Decided:  September 30, 2005

———————

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Tim C. Carrico, CARRICO LAW OFFICES, LC, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Lee Corbett appeals his 46-month sentence, imposed pursuant to his guilty plea to various drug and firearm offenses. On appeal, he challenges the drug quantity attributed to him and the use of his prior convictions to enhance his base offense level and calculate his criminal history category under Blakely v. Washington, 542 U.S. 296 (2004). He also asserts that his term of supervised release violated Blakely. Finding no error, we affirm.

In United States v. Booker, 125 S. Ct. 738, 746 (2005), the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by [the] plea of guilty . . . must be admitted by the defendant." Id. at 756. Because Corbett objected below, we review de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

With regard to the drug quantity, Corbett was sentenced for three ounces of cocaine powder, which he alleges was not authorized by either the charging instrument or his admissions at the Fed. R. Crim. P. 11 hearing. However, the record belies

- 2 -

Corbett's contentions. Corbett clearly admitted to involvement with more than three ounces of cocaine powder. The three ounces for which he was held responsible were involved in two transactions which Corbett described in detail at his Rule 11 hearing. Because Corbett was properly sentenced based on his admissions, there is no Booker error.

Turning to Corbett's prior convictions, Corbett challenges their use in calculating his criminal history and setting his base offense level, since he did not make any admissions in this regard. In Shepard v. United States, 125 S. Ct. 1254 (2005), the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record." Id. at 1262-63. Here, Corbett did not contest any facts about his prior convictions; rather, his is a purely legal argument. Therefore, the district court did not consider any facts he had not admitted, and the court's determination of his base offense level and criminal history category did not violate the Sixth Amendment. See United States v. Collins, 412 F.3d 515, 522-23 (4th Cir. 2005) (finding no Sixth Amendment violation where nature and separateness of predicate offenses for career offender status were undisputed).

Finally, Corbett asserts that Blakely invalidated the Sentencing Reform Act, and hence, the district court lacked the

authority to impose a term of supervised release.  However, <u>Booker</u> makes clear that <u>Blakely</u> did not invalidate the Sentencing Reform Act in its entirety; instead, the Supreme Court excised two provisions related to the mandatory nature of the guidelines and left the rest of the Act intact.  <u>See</u> <u>Booker</u>, 125 S. Ct. at 756-57. Specifically, the Court did not invalidate 18 U.S.C.A. § 3583 (West 2000 & Supp. 2005), the provision which authorizes imposition of a term of supervised release.  Moreover, a three-year term of supervised release is required under 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2005).  Therefore, the district court did not err in imposing a term of supervised release.

Accordingly, we affirm Corbett's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>