**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4853**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOMMY LEE YANCEY, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-04-503)

———————

Submitted:  April 5, 2007          Decided:  April 17, 2007

———————

Before WILKINS, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Lee Yancey, Jr., appeals his conviction and sentence for possession with the intent to distribute nine grams of cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1999). Finding no error, we affirm.

I.

On the morning of July 15, 2004, Janice Matthews observed an individual in a bright green shirt walking down the street holding a firearm. Her husband alerted law enforcement officers, who later apprehended Yancey. Yancey fit Ms. Matthews' description and was located near her residence. During a pat-down search (the legitimacy of which Yancey does not challenge), officers discovered a single piece of cocaine base weighing nine grams and $680 in cash. Yancey subsequently informed officers where they could find the weapon he had been carrying when Ms. Matthews saw him.

Yancey was charged with possession of cocaine base with the intent to distribute, see id., and possession of a firearm by a convicted felon, see 18 U.S.C.A. § 922(g)(1) (West 2000). At trial, the Government presented expert testimony from Detective J. J. Strum of the Greensboro (North Carolina) Police Department. Detective Strum testified that the typical dosage unit of cocaine base is .1 gram and that the value of the nine grams of cocaine base found in Yancey's possession was between $800 and $1,000. He further stated that, in his expert opinion, nine grams of cocaine

2

base was inconsistent with personal use. On cross-examination, however, Detective Strum acknowledged that it was "possible" for an addict to ingest nine grams of cocaine base over a two- to three-day period. J.A. 164.

In his defense, Yancey presented testimony from his sister and his cousin, both of whom testified that Yancey was addicted to cocaine base. Yancey's sister further stated that Yancey did not deal drugs. Yancey testified in his own defense, claiming that on the day before his arrest he had discovered a large amount of cash in a vehicle he was repairing for a drug dealer. He then used $400 to purchase cocaine base and spent the evening in a hotel room, smoking it. According to Yancey, the nine grams in his possession at the time of his arrest was part of this purchase.

After considering the evidence, the jury acquitted Yancey of being a felon in possession of a firearm but convicted him of possession with the intent to distribute. Yancey now appeals.

II.

Yancey first argues that the evidence is insufficient to support his conviction because the Government did not establish an intent to distribute the cocaine base. We disagree.

When reviewing a challenge to the sufficiency of the evidence, we consider whether the evidence, taken in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable

doubt.  See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).  Thus, a defendant challenging his conviction based upon the sufficiency of the evidence "bears a heavy burden," United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted), as "a decision [to reverse for insufficient evidence] will be confined to cases where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978).

Having examined the record in light of these principles, we conclude that the evidence was sufficient to support Yancey's convictions.  In this circuit, "[i]ntent to distribute may be inferred from possession of ... a quantity of drugs larger than needed for personal use." United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990).  Here, Yancey possessed an amount substantially more than the standard dosage unit of .1 gram and was simultaneously in possession of a large amount of cash. See United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (noting that intent to distribute can be inferred from, inter alia, "the amount of cash seized with the drugs").  Additionally, the jury was entitled to discredit Yancey's testimony and consider his lack of credibility against him.  See Burgos, 94 F.3d at 868.

III.

Yancey raises two challenges to the calculation of his sentence, both of which are foreclosed by circuit precedent. First, Yancey maintains that the district court violated his Fifth and Sixth Amendment rights by imposing a mandatory minimum sentence on the basis of a prior felony conviction. This ruling is foreclosed by United States v. Chase, 466 F.3d 310, 315-16 (4th Cir. 2006). Yancey also contends that his prior conviction is not a felony under North Carolina law, a claim he concedes is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005).

IV.

For the reasons set forth above, we affirm Yancey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

AFFIRMED