**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4596**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

MOHAMMAD ASHRAY MOHAMMAD-OMAR,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:07-cr-00425-CMH-003)

Submitted:  March 25, 2009　　　　　Decided:  April 27, 2009

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Grossman, CROWGEY & GROSSMAN, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, David B. Goodhand, Lawrence J. Leiser, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad Ashray Mohammad-Omar ("Omar") was convicted following a jury trial of conspiracy to import one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a), 959, 963, and 960(b)(1)(A) (2006), and conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006). Omar challenges his convictions, arguing that the court lacked personal jurisdiction over him because his conduct occurred entirely in foreign countries, and that the evidence was insufficient to support his convictions. We affirm.

Omar contends on appeal that the district court lacked jurisdiction over him because he committed no crime within the United States "nor knew of any criminal act committed or intended to be committed within the United States." He argues that prosecution for conduct that occurred entirely in foreign countries violates the Due Process Clause.[1]

In general, congressional legislation, including criminal statutes, applies only within the territorial jurisdiction of the United States. EEOC v. Arabian American Oil Co., 499 U.S. 244, 248 (1991) ("It is a longstanding principle

_____

[1] While Omar did not specifically mention a lack of "minimum contacts" in the district court, his argument in the district court that the United States had no authority to reach his extraterritorial conduct is essentially the same argument he raises on appeal.

2

of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States.") (internal quotation marks and citation omitted).  This limit "on the extra-territorial application of a federal statute can be overcome only if there is an affirmative intention of the Congress clearly expressed." Reyes-Gaona v. North Carolina Growers Ass'n, 250 F.3d 861, 864 (4th Cir. 2001) (internal quotation marks and citation omitted). The statutes prohibiting drug importation under which Omar was convicted contain just such a congressional expression. Section 959(c) of Title 21 of the U.S. Code provides that it is "intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States."  The same holds true for other sections of the Controlled Substances Act, such as 21 U.S.C. §§ 952(a), 960, which prohibit importation of controlled substances.[2]

The Second and Ninth Circuits have held that, while Congress may clearly express its intent to reach extraterritorial conduct, a due process analysis must be undertaken to ensure the reach of Congress does not exceed its

---

[2] The statutory bases for charging conspiracy may be applied extraterritorially where the underlying substantive statutes reach extraterritorial offenses.  See Chua Han Mow v. United States, 730 F.2d 1308, 1311 (9th Cir. 1984).

constitutional grasp.  See United States v. Yousef, 327 F.3d 56 (2d Cir. 2003); United States v. Davis, 905 F.2d 245, 248 (9th Cir. 1990).  To apply a federal criminal statute to a defendant extraterritorially without violating due process, "'there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair.'"  Yousef, 327 F.3d at 111 (quoting Davis, 905 F.2d at 248-49); see United States v. Shahani-Jahromi, 286 F. Supp. 2d 723, 727-28 (E.D. Va. 2003) (involving extraterritorial application of International Parental Kidnapping Crime Act).  Regarding the nexus requirement, the Ninth Circuit has also noted:

> The nexus requirement serves the same purpose as the minimum contacts test in personal jurisdiction. It ensures that a United States court will assert jurisdiction only over a defendant who should reasonably anticipate being haled into court in this country.

United States v. Klimavicius-Viloria, 144 F.3d 1249, 1257 (9th Cir. 1998) (internal quotation marks and citation omitted).

We find sufficient contacts in this case.  Omar's case is analogous to Davis, in which the Ninth Circuit addressed a due process challenge to the extraterritorial application of the Maritime Drug Law Enforcement Act ("MDLEA"), now codified at 46 U.S.C. §§ 70501-70507 (2006).  Davis was convicted of possession of, and conspiracy to possess, marijuana on a vessel subject to

4

the jurisdiction of the United States with intent to distribute. Davis was not a United States citizen, his vessel was not under U.S. registry, and his arrest took place on the high seas. Nevertheless, the Ninth Circuit found a sufficient nexus to apply the MDLEA to Davis' extraterritorial conduct without violating the Due Process Clause because the facts of the case supported the "reasonable conclusion that Davis intended to smuggle contraband into United States territory." Davis, 905 F.2d at 249. The court noted that "[w]here an attempted transaction is aimed at causing criminal acts within the United States, there is a sufficient basis for the United States to exercise its jurisdiction." Id. (internal quotation marks and citation omitted).

Omar similarly had ample reason to anticipate being haled into court in the United States on account of his drug trafficking activity in Afghanistan, Dubai, and Ghana. His partner, Nasrullah, knew the heroin he sold was destined for the United States. With regard to a planned 2007 transaction, Nasrullah personally met with an undercover agent he believed to be an American heroin distributor. Nasrullah affirmatively indicated that his partner, Omar, knew the full details and scope of the transaction. Because the evidence demonstrated that the drugs Omar conspired to transport were destined for the

5

United States, jurisdiction over him was proper.  See Davis, 905 F.2d at 249.

In a similar vein, Omar contends the evidence was insufficient to support his conviction for conspiracy to import heroin because the evidence did not demonstrate that he knew or intended that the drugs would be distributed in the United States.  He further claims that no conspiracy can be established with undercover law enforcement agents.

"A defendant challenging the sufficiency of the evidence faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008).  We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942).  We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution.  Foster, 507 F.3d at 244-45.  Our review of the record leads us to conclude that the evidence was sufficient to support both of Omar's convictions.

Accordingly, we affirm Omar's convictions.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED