**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5109**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

SHAWNDALE D. SAUNDERS,

              Defendant - Appellant.


_____

**No. 09-4104**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JOSEPH M. KING,

              Defendant - Appellant.



_____

Appeals from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp,
Jr., Senior District Judge.  (5:08-cr-00026-FPS-JES-1; 5:08-cr-
00026-FPS-JES-2)

_____

Submitted:  October 27, 2009     Decided:  December 8, 2009

_____

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Elgine H. McArdle, Wheeling, West Virginia; Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellants.   Sharon L. Potter, United States Attorney, John C. Parr, Randolph J. Bernard, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Shawndale D. Saunders and Joseph M. King of aiding and abetting the possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); 18 U.S.C. § 2 (2006). The district court sentenced Saunders to 100 months in prison. King received an eighteen-month prison sentence. Both appeal, challenging the sufficiency of the evidence. Saunders also challenges the district court's admission of rebuttal evidence about his banking records. King contends that the district court erred by granting the Government's for-cause strike to remove King's uncle from the jury panel. We affirm.

This case arose from the postal delivery of a package containing 9.65 pounds of marijuana to a house on McColloch Street in Wheeling, West Virginia. The package, which had a fictitious Arizona return address, was addressed to Michael Tompkins at the McColloch Street address. It was mailed March 27, to arrive the next day. Postal agents in Arizona suspected the package contained contraband and alerted their counterparts in Pittsburgh, Pennsylvania. Law enforcement officials in Pittsburgh received the package and opened it, finding the marijuana tightly packed and concealed in a plastic container. After examining the package, postal authorities repacked the

3

marijuana[1] and set up a controlled delivery to the McColloch Street address. At the time of the delivery, no one was living at the house. The owner, Crystal Smith, was allowing Saunders to renovate the house in exchange for an eventual discount on the rent. Saunders had shoes, dry-cleaned clothes, and receipts in the house.

Saunders and King arrived at the house on the afternoon of March 28 and checked the mailbox. Finding it empty, the two left and immediately returned after driving past a postal truck. King then signed a false name to receive the package of marijuana, with Saunders in the room. King carried the package to the basement. As King began opening the package, a beeper alerted law enforcement officials, who entered to execute an anticipatory search warrant. During their search, the agents discovered, among other things, a digital scale, and bank records belonging to Saunders. The agents arrested Saunders, who had with him over $1600 in cash. During a second sweep of the home, the authorities found King hiding in the darkened basement, near the package of marijuana. On this evidence, as well as the testimony of numerous witnesses, the jury convicted King and Saunders, who now appeal.

---

[1] The authorities were only able to put seven pounds of marijuana back in the container.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). This court reviews such a challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and we accord the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

In order to prove aiding and abetting the possession with intent to distribute marijuana, the Government must show the Defendants: (1) possessed marijuana, (2) had knowledge of the possession, and (3) intended to distribute the marijuana. See 21 U.S.C. § 841(a)(1); United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999).

Viewing the evidence and drawing inferences most favorable to the Government, a reasonable juror certainly could have found the Defendants guilty. Direct and circumstantial evidence supported the allegation that Saunders and King expected to receive a package containing marijuana at the

McCulloch Street house on March 28, and that they intended to distribute the marijuana within. Defendants presented testimony to counter this evidence. King claimed he did not know what was in the package, but simply hoped to steal some clothing. King also claimed Saunders was in the bathroom when the package arrived. King further testified that the two returned to the house because Saunders had to use the restroom, not because they spotted the mail truck. But clearly, the jury could have chosen to discount this self-serving testimony.[2]

Saunders also claims the court erred in admitting rebuttal testimony about his banking records. We review the district court's decision to admit rebuttal evidence for abuse of discretion. United States v. Higgs, 353 F.3d 281, 330 (4th Cir. 2003). At trial, Saunders accounted for his income by offering testimony from an insurance agent, who stated that Saunders had money from a personal injury claim. The Government rebutted this testimony by resort to Saunders' bank records. The Government's rebuttal evidence was both relevant and

---

[2] The Defendants rely on United States v. Samad, 754 F.2d 1091 (4th Cir. 1984), in support of their assertion that the evidence was insufficient to demonstrate their connection to the marijuana. The case at hand, however, involves significantly more evidence that the Defendants were knowing participants in the receipt of contraband.

6

properly introduced. Thus, the district court did not abuse its discretion in permitting the jury to consider it.

King also challenges the district court's decision to strike his uncle from the venire. A reviewing court will not overturn a trial judge's decision to remove a juror for cause absent a "manifest abuse of . . . discretion." Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). The district court struck King's uncle after the uncle said that a guilty verdict might upset his wife and his sister-in-law. Given the close family relationship and the risk King's uncle could not be impartial, the district court did not err.

We affirm Saunders' and King's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7