**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4413**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NANCY JEAN SIEGEL, a/k/a Nancy Jean Sweitzer, a/k/a Nancy
Jean Geisendaffer, a/k/a Nancy Jean Kucharski,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:03-
cr-00393-AMD-1)

Submitted:  April 19, 2010            Decided:  May 21, 2010

Before TRAXLER, Chief Judge, and KING and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas J. Saunders, LAW OFFICE OF THOMAS SAUNDERS, Baltimore,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Tamera Fine, Richard Kay, Assistant United States
Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy Siegel appeals her convictions of theft of government property, in violation of 18 U.S.C. § 641 (2006) (Counts 1-7); bank fraud, in violation of 18 U.S.C. § 1344(2) (2006) (Counts 8-11, 13, 15); fraudulent use of means of identification, in violation of 18 U.S.C. § 1028(a)(7) (2006) (Counts 14, 16); mail fraud, in violation of 18 U.S.C. § 1341 (2006) (Counts 17 and 18); wire fraud, in violation of 18 U.S.C. § 1343 (2006) (Counts 19 and 20); and witness tampering — murder, in violation of 18 U.S.C. § 1512(a)(1)(C) (2006) (Count 22). On appeal, Siegel contends that the evidence was insufficient to convict her of four of the bank fraud charges (Counts 8-11) and the witness tampering — murder charge (Count 22). Additionally, Siegel argues that the Government's evidence of past fraudulent acts perpetrated by Siegel was inadmissible propensity evidence, barred by Fed. R. Crim. P. 404(b). We affirm.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d

2

515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and accord the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

Siegel first contends that the evidence was insufficient to find her guilty of Counts 8-11, which allege the fraud of four financial institutions. Specifically, Count 8 alleges that she defrauded Fleet Finance by causing a credit card account to be opened in Jack Watkins's name that was to be used for her own purposes; Counts 9, 10, and 11 allege that she defrauded Signet Bank, Nations Bank, and First USA Bank, respectively, in the same manner.

To prove bank fraud, the Government had to establish beyond a reasonable doubt that Siegel:

> knowingly execute[d], or attempt[ed] to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344 (2006). Therefore, to be found guilty, the jury had to find that Siegel (1) executed a scheme to defraud or

to obtain money, credit, or other property under control of an institution through fraudulent pretenses; (2) did so knowingly; and (3) the institution in question qualified as a "financial institution" under 18 U.S.C. § 20 (2006). See United States v. Brandon, 298 F.3d 307, 311 (4th Cir. 2002). After reviewing the record in the light most favorable to the Government, we find that the evidence was sufficient to convict Siegel of Counts 8-11.

Siegel next contends that the evidence was insufficient to convict her of witness tampering - murder under 18 U.S.C. § 1512(a)(1)(C) (Count 22). In order to convict Siegel of 18 U.S.C. § 1512(a)(1)(C), the Government had to prove that Siegel killed Watkins "with intent to . . . prevent the communication by any person to a law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(a)(1)(C). After reviewing the record in the light most favorable to the Government, we find that the evidence was sufficient to convict Siegel of Count 22.

Finally, Siegel argues that the evidence of Siegel's past frauds against her ex-husbands, friends, and children was inadmissible propensity evidence and was prohibited by Fed. R. Evid. 404(b). However, this issue was the subject of an interlocutory appeal filed by the Government, wherein we found

4

that the evidence challenged by Siegel in this appeal was relevant to issues other than Siegel's bad character, and was therefore not barred by Rule 404(b).  See United States v. Siegel, 536 F.3d 306, 317-21 (4th Cir. 2008).  Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent proceedings in the same case."  Walker v. Kelly, 589 F.3d 127, 137 (4th Cir. 2009).  There are three exceptions to this doctrine, allowing for further review of a previously decided issue where:  "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."  Id.  As no exception is applicable here, and Siegel concedes the applicability of the doctrine, this issue is without merit.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument will not aid the decisional process.

AFFIRMED