**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-4678**

───────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WANDA DELORIS PERRY, a/k/a Wanda Denise Perry,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00262-NCT-1)

───────────────

Submitted:  May 3, 2011                    Decided:  May 20, 2011

───────────────

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Ripley E. Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury indicted Wanda Denise Perry on five counts of willfully and knowingly make a materially false statement and representation to a department of the executive branch, in violation of 18 U.S.C. § 1001(a)(2) (2006). She was also charged with one count of stealing, purloining, and converting to her own use approximately $20,311 that belonged to the United States.

The trial jury found Perry guilty of all six charges in the indictment; she was sentenced to sixteen months in prison and ordered to pay a $600 assessment and $20,311 in restitution. Perry appeals her conviction, contending that the district court erred in denying her motion for judgment of acquittal because the misrepresentations she made were not material. We affirm.

This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In reviewing the sufficiency of the evidence following a conviction, the court is to construe the evidence in the light most favorable to the Government, assuming its credibility and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); United States v. Lomax, 293 F.3d 701, 705 (4th Cir.

2

2002). "If there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government," the court must affirm. United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). Furthermore, this court "cannot make [its] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993).

> To prove a violation of § 1001, the Government must establish that (1) the defendant made a false statement to a governmental agency or concealed a fact from it or used a false document knowing it to be false, (2) the defendant acted knowingly or willfully, and (3) the false statement or concealed fact was material to a matter within the jurisdiction of the agency.

United States v. Ismail, 97 F.3d 50, 60 (4th Cir. 1996) (internal quotation marks omitted). "A fact about a matter within an agency's jurisdiction is material under § 1001 if it has a natural tendency to influence agency action or is capable of influencing agency action." Ismail, 97 F.3d at 60 (internal quotation marks omitted). Moreover, "[t]here is no requirement that the false statement actually influence or effect [sic] the decision making process of a department." Id. (internal quotation marks and alterations omitted).

3

The evidence is overwhelming that the Housing Authority of Winston-Salem, which administered a program that resulted in the expenditure of federal funds, actually relied on Perry's misrepresentations to award significant financial benefits to her to which she was not entitled. We accordingly conclude that the district court properly denied the motion for judgment of acquittal and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4