**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5011

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN AUNDO GAMBLE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-150-TLW)

Submitted:  October 14, 2005        Decided:  December 1, 2005

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Aundo Gamble appeals from his 240-month sentence entered pursuant to his guilty plea to possession with intent to distribute cocaine base, possession of a firearm by a convicted felon, and use and carry of a firearm in furtherance of a drug trafficking crime. He challenges his sentence under United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

Gamble first contends that the district court erred under Booker by sentencing him as a career offender. Because Gamble did not object below, his claim is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In Booker, the Supreme Court found that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746, 750. For a sentence imposed under the mandatory guidelines system, the Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant." Id. at 756.

Gamble contends that his career offender designation required the district court to make improper factual findings. However, he fails to point to any specific fact in dispute, and he did not challenge any supporting facts in the district court. We

- 2 -

have held that, where the facts are undisputed, the application of the career offender enhancement falls within the exception for prior convictions.  United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005).  Thus, there was no Sixth Amendment error in this case.

Next, Gamble asserts that the district court erred by sentencing him under the mandatory guidelines regime. Because Gamble did not object to the mandatory application of the guidelines, this claim is also reviewed for plain error.  See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).  In White, we considered whether treating the guidelines as mandatory was plain error in light of Booker and held that it was.  Id. at 216-17.  While we concluded that the district court erred by sentencing White under the mandatory guidelines scheme and that the error was plain, we declined to presume prejudice, id. at 217-22, and held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error."  Id. at 223.  To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224.  Because the record provided no nonspeculative basis for concluding that White would have received a shorter sentence

- 3 -

under an advisory guidelines system, we determined that the error did not affect White's substantial rights and, thus, affirmed his sentence.  Id. at 225.

Here, Gamble cannot demonstrate that the court's plain error in sentencing him under a mandatory scheme affected his substantial rights.  While the district court did state that it was bound by the guidelines and lacked authority to further depart, the court did not sentence Gamble to the lowest sentence available under the mandatory guidelines.  In addition, the court indicated that it would impose the same sentence under an advisory system.  Thus, the record provides no nonspeculative basis on which this court could conclude that the error affected Gamble's substantial rights.

Accordingly, we affirm Gamble's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED