**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 04-5078

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN THOMAS MCNEILL,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.
(CR-03-483-L)

───────────

Submitted:  January 12, 2006          Decided:  March 31, 2006

───────────

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Harvey Greenberg, Towson, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant
United States Attorney, Stephen Ruckman, Law Clerk, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kevin McNeill (McNeill) appeals his sentence following his guilty plea to one count of armed bank robbery and aiding and abetting the same, 18 U.S.C. §§ 2, 2113(a), (d), (f). We affirm.

McNeill pled guilty, pursuant to a plea agreement (the Plea Agreement), during the time intervening between the Supreme Court's issuance of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). With one exception, the Plea Agreement provided that McNeill waived his rights to challenge his conviction and/or sentence on appeal. The sole exception is that McNeill did not waive his right to make an appellate challenge to his sentence based upon the ground that the United States Sentencing Guidelines (USSG or the Guidelines) were unconstitutional.

At sentencing, also during the time intervening between the issuance of Blakely and Booker, the district court determined that McNeill qualified to be sentenced as a career offender under USSG § 4B1.1,[1] resulting in a total offense level of 31 (offense level

---

[1]In relevant part, USSG § 4B1.1 provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time . . . [of] the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

34 minus three levels for acceptance of responsibility, see USSG § 3E1.1) and a criminal history category of VI.[2]  This combination resulted in a sentencing range of 188 to 235 months' imprisonment. The district court sentenced McNeill to 188 months' imprisonment. In the event the Supreme Court struck down the career offender Guideline as unconstitutional, the district court imposed an alternative sentence of 130 months' imprisonment, which represented the low-end of the applicable sentencing range if McNeill had not been sentenced as a career offender under USSG § 4B1.1.  With respect to this alternative sentence, the district court expressly declared:  "[T]he alternative sentence is stated under the assumption that the career offender sentence goes by the wayside in a retroactive way."  (J.A. 121).

On appeal, McNeill first challenges as unenforceable the appellate waiver provisions of the Plea Agreement to the extent such provisions bar him from challenging his sentence on nonconstitutional grounds.  According to McNeill, the government's sole discretion under USSG § 3E1.1(b) to move for an additional

---

      (b)   . . . A career offender's criminal history category in every case under this subsection shall be Category VI.

USSG § 4B1.1.

   [2]Indeed, the Plea Agreement expressly provided:  "The parties agree that your client is a career offender, and therefore his offense level is 34, Criminal History Category VI, pursuant to U.S.S.G. § 4B1.1."  (J.A. 62).

one-level reduction in his offense level, if he assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, caused him to involuntarily agree to the appellate waiver provisions. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir.) ("A waiver has no binding effect if the defendant did not enter into it knowingly and voluntarily . . . ."), cert. denied, 126 S. Ct. 461 (2005). We have thoroughly reviewed the record, including the transcript of McNeill's plea colloquy, and find his express agreement to all provisions of the Plea Agreement to be knowing and voluntary. Accordingly, we hold that, with the exception of challenging his sentence on the ground that the Guidelines are unconstitutional, McNeill is barred from challenging his sentence on appeal.

The only appellate challenge to his sentence that McNeill has not waived is his argument that his 188-month sentence should be vacated and his case remanded for resentencing to the 130-month alternative sentence because, in sentencing him under the career offender Guideline, the district court treated the Guidelines as mandatory in violation of the Sixth Amendment. McNeill's argument is without merit.

A district court may enhance a sentence based on the "fact of a prior conviction," United States v. Thompson, 421 F.3d 278, 282 (4th Cir.), petition for cert. filed, __U.S.L.W.__ (U.S. Oct. 25,

- 4 -

2005) (No. 05-7266), regardless of whether it was admitted to by the defendant or found by a jury, so long as the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it," id. at 283. Facts necessary to support a sentencing enhancement inhere in the fact of conviction rather than being extraneous to it so long as they come from "the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction." United States v. Collins, 412 F.3d 515, 521 (4th Cir. 2005).

Here, McNeill does not dispute that he qualified as a career offender under USSG § 4B1.1 without violating the Sixth Amendment's jury-trial guarantee. Indeed, McNeill expressly states in his appellate brief that he does not seek vacature of his sentence on the ground that the indictment failed to charge the elements of being a career offender under USSG § 4B1.1 or on the ground that a jury did not find such elements beyond a reasonable doubt. Rather, on appeal, he seeks resentencing on the sole ground that the Guidelines are no longer mandatory.

McNeill is entitled to no appellate relief because the district court's treatment of the Guidelines as mandatory at McNeill's sentencing "is non-constitutional [error]," Collins, 412 F.3d at 524, and McNeill effectively waived his rights to mount an

appellate challenge to his sentence based upon non-constitutional error.

For the reasons stated herein, we affirm McNeill's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED