**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5202**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND ANTHONY LONDON, a/k/a Kaleak,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:05-cr-00402-2)

Submitted: March 21, 2008          Decided: April 10, 2008

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott H. Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Craig D. Randall, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Raymond Anthony London of conspiracy to possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute at least five grams of crack on May 5, 2005, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000); possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007); and being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, London challenges the district court's denial of his Rule 29 motion, arguing that the evidence was insufficient to convict him. Finding no reversible error, we affirm.

We review the district court's decision to deny a Rule 29 motion de novo. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Osborne, 514 F.3d at 385. This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (en banc) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

With these standards in mind, we have carefully considered London's claims that the evidence was insufficient to convict him because officers did not find guns or drugs on his person during the search on May 5, 2005, and because Agent Tadeo's testimony revealed that Edward Woods, a co-conspirator, was the drug supplier. Our review of the trial testimony convinces us that the evidence was sufficient to convict London on each count. See United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007) (discussing elements of conspiracy); United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007) (setting forth elements of § 924(c)(1) offense); Moye, 454 F.3d at 395 (discussing elements of § 922(g) offense); United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (discussing elements of possession with intent to distribute); United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (setting forth elements of aiding and abetting). Finally, to the extent London contends on appeal that several witnesses against him were not credible, "we do not weigh the evidence or assess the credibility of witnesses, but assume that the jury resolved any discrepancies [in the testimony] in favor of the government." United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

Because the evidence was sufficient to support London's convictions, the district court did not err in denying the Rule 29 motion. Accordingly, we affirm the district court's judgment. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED