**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

<hr>

**No. 08-4472**

<hr>

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LINWOOD COLA PARKER, a/k/a Lenny,

    Defendant - Appellant.

<hr>

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:07-cr-00068-RBS-JEB-1)

<hr>

Submitted: April 22, 2009      Decided: May 22, 2009

<hr>

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

<hr>

Affirmed by unpublished per curiam opinion.

<hr>

Marc Seguinót, SEGUINÓT & ASSOCIATES, P.C., Dunn Loring, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

<hr>

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Cola Parker appeals his conviction after a jury trial of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006) (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count 3); nine counts of using communication facilities to commit violations of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) (2006) (Counts 4-12); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2006) (Count 13). He was sentenced to a total of 276 months' imprisonment. We affirm.

Parker raises three arguments on appeal: (1) evidence presented at trial was insufficient to convict him of conspiracy to distribute or possess with the intent to distribute cocaine; (2) promises of leniency in exchange for testimony made by the Government to witnesses violated 18 U.S.C. § 201(c)(2) (2006); and (3) his sentence was unreasonable.


I.   Sufficiency of the Evidence

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). We review challenges to the sufficiency of the evidence by determining whether, viewing the evidence in the light most

2

favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942). In doing so, we review both direct and circumstantial evidence, and give the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

In order to support Parker's conviction for conspiracy to distribute and to possess with intent to distribute drugs, the Government had to prove: "(1) that [Parker] entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. §[] 841(a)(1) . . . ; (2) that [he] had knowledge of that conspiracy; and (3) that [he] knowingly and voluntarily participated in the conspiracy." United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007); see United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Parker contends that the evidence was insufficient to support his conviction because, at most, it established no more than a buyer/seller relationship between himself and others.

However, we specifically rejected such an argument in United States v. Reid, 523 F.3d 310 (4th Cir.) (cert. denied, 129 S. Ct. 663 (2008), finding that "[e]vidence of a buy-sell transaction coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators." Id. at 317 (internal quotation marks, alteration and citation omitted). Similarly, continued relationships and repeated drug transactions between parties are indicative of a conspiracy, particularly when the transactions involve substantial amounts of drugs. Id.

At trial, several witnesses described Parker's purchases and sales of substantial quantities of cocaine. One witness estimated that he distributed approximately ninety to 100 kilograms of cocaine to Parker over a ten-year period. Though this witness was acting as a confidential informant during part of that time, and thus was incapable of being party to a conspiracy, the witness testified about conversations held between Parker and others, in which Parker arranged to sell the drugs he was getting from the witness. Another witness testified that he supplied Parker with dozens of kilograms of cocaine per year between 1992 and 1996, and then another eight to nine kilograms between 2003 and 2006. A third witness testified that he repeatedly bought quantities of crack and powder cocaine from Miller, which he then sold to other

4

individuals. Accordingly, we find that the continued, lengthy relationships between Parker and the testifying parties, combined with the substantial quantity of drugs involved, was more than sufficient to support Parker's conviction for conspiracy to distribute or possess with intent to distribute cocaine.

II. Promises of Leniency to Testifying Witnesses

Section 201(c)(2), 18 U.S.C. prohibits "directly or indirectly[] giv[ing], offer[ing], or promis[ing] anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court." Parker contends that the Government violated 18 U.S.C. § 201(c)(2) by promising leniency or favorable treatment to witnesses in exchange for their testimony. We explicitly rejected this argument in United States v. Richardson, 195 F.3d 192, 197 (4th Cir. 1999) ("[T]he government does not violate § 201(c)(2) by granting immunity or leniency or entering into plea agreements to obtain testimony".). Accordingly, Parker's contention is foreclosed by Circuit authority.

## III. Reasonableness of Sentence

Finally, Parker contends that his sentence is unreasonable. As noted by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). We review sentences for reasonableness. Id. at 594, 597. Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Gall, 128 S. Ct. at 596-97. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).

6

We afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness. See Gall, 128 S. Ct. at 597. Such a presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

Here, Parker concedes there were no procedural errors in the sentencing and the district court correctly calculated the guideline range. Further, contrary to Parker's assertions, the record reflects that the district court was exceedingly thorough in its substantive analysis of the § 3553(a) factors. The district court judge explicitly considered, on the record, 18 U.S.C. § 3553(a)(1), (2), (3), and (4) in their entirety before imposing the sentence. The district court's analysis was well-reasoned and extensive. That Parker subjectively believes the district court gave insufficient weight to possible mitigating factors, is insufficient to overcome either the appellate presumption of reasonableness attributable to a sentence within the guidelines range or the substantive reasonableness apparent from the district court's analysis and application of the § 3553(a) factors when sentencing Parker. Therefore, we find that the district court did not abuse its discretion in sentencing Parker.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED