**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4214**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAMONT P. MASON,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:08-cr-00214-RLW-1)

─────────

Submitted: August 21, 2009     Decided: September 18, 2009

─────────

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Kevin C. Nunnally, Special Assistant United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Lamont P. Mason was convicted of one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Mason asserts the evidence was insufficient to support the drug conviction or the possession of a firearm in furtherance of a drug trafficking crime conviction. He also challenges the district court's decision not to give a jury instruction about impeaching witnesses with a felony conviction. In addition, he claims there was plain error when the prosecutor engaged in misconduct by vouching for a witness and asserting facts not in evidence. Finally, Mason claims the cumulative effect of the errors calls for a reversal. We affirm.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable

doubt.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942).  We review both direct and circumstantial evidence, and accord the Government all reasonable inferences that could be drawn in its favor, United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008), and will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution.  Foster, 507 F.3d at 244-45.

"To convict a defendant of possession with the intent to distribute, the [G]overnment must prove:  (1) possession of a narcotic controlled substance; (2) knowledge of the possession; and (3) the intent to distribute."  Collins, 412 F.3d at 519.

To establish a § 924(c)(1) violation, the Government must also present evidence "indicating that the possession of the firearm furthered, advanced, or helped forward a drug trafficking crime."  United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).  Whether a firearm served such a purpose is a question of fact.  Id.  A series of factors that might lead a reasonable finder of fact to conclude the existence of a connection between a defendant's possession of a firearm and his drug trafficking crime include, but are not limited to:  "the type of drug activity being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the

3

status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (internal quotation marks omitted).

We find after considering the testimony of the four law enforcement personnel and the expert witness, that the evidence was more than substantial to support the jury's verdict with respect to both charges.

The decision to give or not to give a jury instruction is reviewed for abuse of discretion. United States v. Seidman, 156 F.3d 542, 551 (4th Cir. 1998). This court reviews a charge to determine if the court adequately instructed the jury on the elements of the offense and the accused's defenses. United States v. Fowler, 932 F.2d 306, 317 (4th Cir. 1991). A judge must clearly and fairly state the controlling law. United States v. Childress, 26 F.3d 498, 503 (4th Cir. 1994). "A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32-33 (4th Cir. 1995) (internal quotation marks omitted). We find

4

that the court's decision not to give the requested instruction did not seriously impair Mason's ability to conduct his defense.

Insofar as Mason claims the prosecutor engaged in misconduct during the closing arguments, we note review is for plain error because Mason failed to object. United States v. Olano, 507 U.S. 725, 732 (1993). Plain error requires a finding that: (1) there was error; (2) the error was "plain"; and (3) the error affected his substantial rights. Id. If the three elements of this standard are met, this court may still exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736.

Improper remarks during closing do not always result in a retrial. "The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Higgs, 353 F.3d 281, 330 (4th Cir. 2003) (internal quotation marks omitted). "[T]he test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v.

Mitchell, 1 F.3d 235, 240 (4th Cir. 1993) (internal quotation marks omitted).

In evaluating prejudice, a number of factors should be considered:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Mitchell, 1 F.3d at 241. Whether the errors must result in a reversal is dependent upon the facts in each case. Id.

Given the strength of the Government's case, the fact that the misconduct concerned a witness whose testimony was mostly redundant and the fact the jury was instructed to rely upon its own recollection of the evidence, we find Mason's substantial rights were not prejudiced.

Finally, we find that under the cumulative error doctrine, Mason's substantial rights to a fair trial were not affected. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED