**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4338**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY LEE RAWLINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.   (5:06-cr-00160-BO-1)

Submitted:  November 30, 2009          Decided:  January 4, 2010

Before NIEMEYER, MICHAEL, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for
Appellant.   George E. B. Holding, United States Attorney, Anne
M. Hayes, Assistant United States Attorney, John Stuart Bruce,
First Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a trial, a jury convicted Bobby Lee Rawlings of possession with intent to distribute cocaine on December 17, 2005, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count Two), using and carrying firearms during and in relation to the drug trafficking offense in Count Two, and possessing the firearms in furtherance of that offense, in violation of 18 U.S.C. § 924(c) (2006) (Count Three), possession with intent to distribute cocaine on March 15, 2006, in violation of 21 U.S.C. § 841(a)(1) (Count Four), and using and carrying firearms during and in relation to the drug trafficking offense in Count Four, and possessing the firearms in furtherance of that offense, in violation of 18 U.S.C. § 924(c) (Count Five).[1] The district court sentenced Rawlings to an aggregate 548-month term of imprisonment. Rawlings timely appealed.

On appeal, Rawlings first argues that the district court erred by denying his motion to suppress the evidence seized from his vehicle during a traffic stop on December 17,

---

[1] These counts all derived from a second superseding indictment. Rawlings pled guilty to Count One of the second superseding indictment, possession of a firearm by a convicted felon on December 17, 2005, and Count One of the superseding indictment, possession of a firearm by a convicted felon on March 15, 2006, both in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). He was sentenced at a single hearing for all of his convictions.

2005. We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). When a motion to suppress has been denied, we review the evidence in the light most favorable to the Government. United States v. Neely, 564 F.3d 346, 349 (4th Cir. 2009).

Citing Arizona v. Gant, 129 S. Ct. 1710 (2009), Rawlings argues that the search of his vehicle could not be justified as a search incident to a lawful arrest. In Gant, the Supreme Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 1723. The court further explained that "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." Id. at 1723-24.

In United States v. Carter, 300 F.3d 415 (4th Cir. 2002), this court ruled that a police officer who stopped a vehicle for a traffic violation had probable cause to search the passenger compartment without a warrant when he smelled burning marijuana as he approached the vehicle. Id. at 422; see also

3

United States v. Haley, 669 F.2d 201, 203 (4th Cir. 1982). It is undisputed that Officer Goins smelled burnt marijuana emanating from the open passenger side window when he approached Rawlings' vehicle, which gave him probable cause to search the car. Moreover, the search of Rawlings' car qualified as a constitutionally permissible search incident to a lawful arrest because the officer's discovery of cocaine on Rawlings' person was the basis for his arrest and gave the officer reason to believe that the vehicle contained further evidence of the offense for which Rawlings was arrested. See Gant, 129 S. Ct. at 1723. We therefore conclude that the district court properly denied the motion to suppress.

Rawlings also contends that the district court erred by denying his motions for judgment of acquittal on the ground that the evidence was insufficient to support his convictions. This court reviews de novo the denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Kingrea, 573 F.3d 186, 194 (4th Cir. 2009). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted), cert. denied, 129 S. Ct. 1312 (2009). This court "ha[s] defined 'substantial evidence'

4

as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks and citations omitted).

To prove that Rawlings possessed cocaine with the intent to distribute, as charged in Counts Two and Four of the second superseding indictment, the Government was required to establish beyond a reasonable doubt: "(1) possession of a narcotic controlled substance; (2) knowledge of the possession; and (3) the intent to distribute." United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). To convict Rawlings of violating 18 U.S.C. § 924(c), as charged in Counts Three and Five of the second superseding indictment, "the [G]overnment [had to] prove that [Rawlings] used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime." United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Rawlings does not dispute knowingly possessing the cocaine, but asserts that the evidence does not support a finding that he intended to distribute it, which defeats all four counts of conviction.

Intent to distribute narcotics may be inferred from a defendant's possession of drug-packaging paraphernalia or a

5

quantity of drugs larger than needed for personal use. United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). Possession of large amounts of cash and firearms constitutes "additional circumstantial evidence of . . . involvement in narcotics distribution." Id. at 731. Possession of a scale with drug residue on it also constitutes circumstantial evidence of an intent to distribute narcotics. United States v. Harris, 31 F.3d 153, 157 (4th Cir. 1994). Notwithstanding Rawlings' testimony that he possessed the cocaine for personal use only, when viewed in the light most favorable to the Government, we find that the evidence presented at trial clearly supports a finding that Rawlings possessed cocaine with intent to distribute.

Turning to Counts Three and Five, factors that might lead a reasonable trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

Lomax, 293 F.3d at 736 (internal quotation marks and citation omitted). As discussed above, the evidence supported a finding that Rawlings possessed cocaine with intent to distribute both on December 17, 2005, and March 15, 2006. A loaded gun was found

6

within his reach in his car at the time of his December 17 arrest when he had in his possession distributable quantities of cocaine. Furthermore, he had distributable quantities of cocaine on his person at the time of his March 15 arrest and actively employed a gun when police were executing the search warrant at his home. We conclude that this evidence was sufficient for a rational fact finder to have found the essential elements of § 924(c) beyond a reasonable doubt for both Counts Three and Five.

Accordingly, we affirm Rawlings' convictions.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] We have also considered the issues that Rawlings' counsel noted his client wished to raise but that counsel found to be without merit. We conclude that Rawlings is not entitled to relief on these claims.