**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5236**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAIME AVELAR CASTRO, a/k/a Jaime Avelar-Castro,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:08-cr-00278-LMB-1)

Submitted: April 22, 2010                    Decided: May 19, 2010

Before TRAXLER, Chief Judge, NIEMEYER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John O. Iweanoge, II, IWEANOGE LAW CENTER, Washington, D.C., for Appellant. Dana Boente, United States Attorney, Joshua L. Rogers, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a three-day trial, Jaime Avelar Castro was convicted by a jury of conspiracy to distribute cocaine, three counts of distribution of cocaine, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 2, 841(a)(1) & 846 (2006). The district court denied Castro's motions for judgment of acquittal and sentenced Castro to sixty months' imprisonment on each count, to be served concurrently. On appeal, Castro challenges the sufficiency of the evidence as to each count of conviction. Finding no error, we affirm.

Rule 29 of the Federal Rules of Criminal Procedure provides that a district court must enter a judgment of acquittal where the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). We review the district court's denial of a Rule 29 motion for judgment of acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). The jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted), cert. denied,

2

129 S. Ct. 1312 (2009). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citations omitted). In reviewing for substantial evidence, we consider both circumstantial and direct evidence and allow the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

To convict Castro of conspiracy to distribute cocaine, the Government had to prove that there was an agreement between two or more people to distribute cocaine, that Castro knew of the agreement, and that he knowingly and voluntarily became part of the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). To prove the three counts of distribution, the Government had to show that Castro knowingly and intentionally distributed cocaine. United States v. Yearwood, 518 F.3d 220, 227 (4th Cir. 2008). Distribution can be actual or constructive. The defendant "need not actually have physically transferred the cocaine in order to be found guilty of the substantive offense of distribution." United States v. Acevedo, 842 F.2d 502, 507 (1st Cir. 1988). To support a conviction for possession with intent to distribute, the Government must prove

3

that Castro knowingly possessed the cocaine and intended to distribute or deliver the cocaine. See United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). "Once it is established that a defendant is a participant in a conspiracy to possess and distribute a controlled substance, he need not have actual possession of the controlled substance to be guilty of the substantive charge of possession with intent to distribute. Constructive possession is sufficient." United States v. Laughman, 618 F.2d 1067, 1076-77 (4th Cir. 1980) (citations omitted).

With these standards in mind, our thorough review of the trial transcript convinces us that the evidence was sufficient to support Castro's convictions on all five counts. We therefore affirm Castro's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4