**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4229**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DENTON SOLOMON BRAITHWAITE, a/k/a James Keitt,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:08-cr-00054-JAB-1)

Submitted:  July 14, 2010    Decided:  July 22, 2010

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denton Solomon Braithwaite appeals his conviction of aggravated identity theft, in violation of 18 U.S.C. 1028A(a)(1) (2006) (Count 3). On appeal, Braithwaite contends that the evidence is insufficient to convict him of Count 3, as the Government failed to prove that Braithwaite knew that the means of identification used belonged to another individual. We affirm.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942). This court reviews both direct and circumstantial evidence, and accords the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). This court will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

In order to prove a violation of 18 U.S.C. 1028A(a)(1), the Government must demonstrate that: (1) during the commission of a predicate felony offense, (2) the defendant knowingly transferred, possessed, or used without lawful authority; (3) a means of identification of another person; and (4) the defendant knew the means of identification belonged to another person. See Flores-Figueroa, 129 S. Ct. at 1888, 1894. Braithwaite concedes the first three elements, only challenging whether the Government proved that he knew the means of identification he used actually belonged to another person. After reviewing the record, we find that a rational trier of fact could find this element beyond a reasonable doubt. Accordingly, we affirm the judgment of the district court. We dispense with oral argument, as the facts and legal contentions are adequately expressed in the materials before the court, and argument would not aid the decisional process.

AFFIRMED