<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4583**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

LAURINDA HOLOHAN,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　W. Earl Britt, Senior District Judge.　(5:07-cr-00117-BR-4)

Submitted:　May 31, 2011　　　　　Decided:　June 22, 2011

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary J. Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant.　George E. B. Holding, United States Attorney, Jason H. Cowley, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laurinda Holohan appeals her conviction and seventy-six month sentence on one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 (2006) and twelve counts of mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341, 2 (2006). She argues that the district court erred in denying her motion to sever her trial from that of her co-defendants and that insufficient evidence supports her conviction. We affirm.

This case arises out of a Ponzi scheme spanning more than twenty states and involving millions of dollars of loss. The indictment naming Holohan also charged six co-defendants: Michael A. Lomas, Michael L. Young, Barry C. Maloney, Susan Knight, Scott B. Hollenbeck, and Arthur J. Anderson.[*] The government alleged that Lomas and Young were the principals of a company that would ultimately become known as Mobile Billboards of America ("MBA"). Lomas and Young hired Holohan and Knight to work in an administrative capacity for MBA, and they hired Hollenbeck and Anderson to serve as salesmen, recruiting investors. Maloney, MBA's corporate attorney, was alleged to

---

[*] In United States v. Lomas, 392 Fed.Appx. 122, 2010 WL 3034086 (4th Cir. 2010), we affirmed the judgment of sentence (240 months) entered against Lomas based on his guilty plea and upheld a restitution award in excess of $45 million.

2

have assisted in "implementing the legal documents associated with the defendants' scheme." While many of the participants in the scheme pled guilty, Holohan, Hollenbeck and Maloney proceeded to trial.

Briefly, the government's theory of the case was that MBA used its salespeople to recruit investors who purchased "frames" for the display of advertisements that would be installed on the sides of truck trailers. The frames were then leased to MBA. The investors were promised a certain fixed return monthly (a lease payment) generated by selling the billboard space on the frames for advertising use. The investors were further promised that their investments would be guaranteed and insured, and they were assured that the investments were sound. Unbeknownst to the investors, MBA was unable to generate advertising revenue sufficient to cover the monthly lease payments, and was using investment capital to fund those payments. In addition, Lomas was embezzling significant sums for personal purchases.

Prior to trial, the defendants moved to sever their trials, claiming that their antagonistic defenses and the disparity of admissible evidence against each would be prejudicial. The court denied the motions. At the nearly five-week jury trial, the government adduced evidence from victims of the alleged scheme, investigators, regulators, attorneys and

3

financial service providers who did business with MBA, and from members of the alleged conspiracy, including Lomas, who had pled guilty and were cooperating with the government. At the conclusion of the trial, Maloney was acquitted and Holohan and Hollenbeck were convicted of each count of the indictment that remained after the government moved to dismiss several of the substantive mail fraud charges. Holohan received a seventy-six month sentence for her role in the scheme, and this appeal followed.

## I. Motion to Sever

Holohan first argues that the court erred in denying her motion to sever her trial from that of her co-defendants. Holohan specifically argues that under the well-known standards of <u>Zafiro v. United States</u>, 506 U.S. 534 (1993), severance was required because, as she claims to have projected in her pre-trial motion, she suffered substantial prejudice in the joint trial with Hollenbeck and Maloney. We review the denial of a motion to sever for abuse of discretion. <u>United States v. Mackins</u>, 315 F.3d 399, 412 (4th Cir. 2003).

"There is a preference in the federal system for joint trials of defendants who are indicted together," and a district court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific right of one of

4

the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 537-38. The presumption that defendants indicted together should be tried together is especially strong in conspiracy cases. United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990). Mutually antagonistic defenses alone are insufficient to merit severance. United States v. Najjar, 300 F.3d 466, 474 (4th Cir. 2002). Instead, "there must be such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other," or the conflict will lead to the jury's unjustified inference of both defendants' guilt. Id. This standard is not satisfied here.

Holohan argues that as a result of the denial of her motion she was denied a fair trial (and thus, she says, due process). This contention rests on her assertion that certain "inflammatory" victim testimony, including testimony describing how Hollenbeck, the salesman, targeted "churchgoing retirees" as victims of the fraudulent scheme, was irrelevant to her guilt or innocence and thus would not have been admitted against her had she been tried alone. This argument is without merit.

Evidence of how the scheme was operated, including the manner of selecting potential victims, was clearly admissible against all of the alleged members of the overall scheme to

5

defraud. Holohan fully enjoyed the assistance of counsel and had every opportunity to object to assertedly "irrelevant" evidence and to cross-examine each of the witnesses called by the government or her co-defendants. She was able to ask victims of the scheme, for example, whether they had any interaction with her or knew her. In particular, counsel for Holohan was also able to cross-examine Lomas (who testified in favor of the government) and Maloney (who testified on his own behalf) and attempt to show that they were the culpable parties, not her. Notably, Holohan does not assign as error on appeal any distinct ruling on the admissibility of evidence; furthermore, while she complains generally about the absence of "limiting instructions," she has not suggested that she actually sought any limiting instructions from the district court or that the court specifically denied any such requests. In sum, we discern no support in the record for the assertion that Holohan was denied a fair trial by virtue of the district court's denial of her motion to sever.

Separately, Holohan claims that the jury's guilty verdict cannot be deemed "reliable" because of the "enormous and inflammatory amount of evidence presented at this complex trial against Hollenbeck." Maloney's acquittal belies this claim, as the jury was obviously able to distinguish the relative culpability of the defendants. In addition, it is well-settled

6

that the mere fact that Holohan's acquittal might have been more likely if she were tried alone is simply not sufficient to warrant a severance. See United States v. Strickland, 248 F.3d 368, 384 (4th Cir. 2001).

Accordingly, we reject the claim that the district court abused its discretion in denying the motion to sever.


## II. Sufficiency of the Evidence

Holohan next argues that the evidence adduced at trial was insufficient to sustain her conviction. This court reviews challenges to the sufficiency of the evidence supporting a jury verdict de novo. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). We review both direct and circumstantial evidence, and accord the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In reviewing for sufficiency of

7

the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the government. Kelly, 510 F.3d at 440. This court will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

The elements of mail fraud are: (1) the existence of a scheme to defraud, and (2) the use of mails to perpetrate the scheme. United States v. Vinyard, 266 F.3d 320, 326 (4th Cir. 2001). To establish the first element, the government had to prove that Holohan "acted with the specific intent to defraud, which may be inferred from the totality of the circumstances and need not be proven by direct evidence." United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001) (internal quotation marks and citations omitted). (In addition, the government proceeded on an aiding and abetting theory.) "To find [Holohan] guilty of conspiracy to commit mail fraud, the jury had to find 'an agreement [to commit mail fraud], willing participation by [Holohan], and an overt act in furtherance of the agreement.'" United States v. Edwards, 188 F.3d 230, 234 (4th Cir. 1999) (citing United States v. Dozie, 27 F.3d 95, 97 (4th Cir. 1994)).

Holohan argues that the government did not adduce sufficient evidence that she had the specific intent to defraud, and accordingly, did not satisfy the elements of either the substantive offenses or the conspiracy charge. At bottom, her claim is that she lacked education and sophistication, and her role at NPC and MBA was purely administrative. She argues that she had no knowledge of Hollenbeck's activities and was simply following orders from Lomas and Young.

Holohan's argument lacks merit. The evidence adduced at trial indicated that although Holohan worked in a largely administrative capacity, she willfully participated in the overall scheme to defraud with significant knowledge of its essential character: (1) she knew that the business was in serious financial trouble because there was virtually no advertising revenue; (2) she was clearly aware that Lomas was using investor money for his personal expenditures, and she herself received the benefit of a free company Jaguar automobile and, over the course of less than five years, a series of non-salary bonuses exceeding two hundred thousand dollars; (3) she knew that investor money was being improperly used to make lease payments; (4) she knew that MBA was using deceitful and misleading advertisements that implied they were raising advertising revenue and that revenue would be used to make the lease payments, when those representations simply were not true;

9

(5) she knew that while MBA advertising materials claimed that investor funds would be kept in trust, inaccessible to MBA or its related entities, this was not the case. In light of the direct and circumstantial evidence presented at trial, we conclude that the jury acted reasonably in finding beyond a reasonable doubt that she was guilty and we do not disturb its verdict.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED