**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4562**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JEFFREY LAMONT BANKS, a/k/a P,

              Defendant - Appellant.

_____

**No. 12-4566**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

BRIAN LEE MORTON,

              Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern
District of Virginia, at Newport News.  Henry Coke Morgan, Jr.,
Senior District Judge.  (4:11-cr-00099-HCM-FBS-1; 4:11-cr-00099-
HCM-FBS-2)

_____

Submitted:  January 8, 2013          Decided:  January 11, 2013

_____

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

James J. Whitus, ALBO & OBLON, LLP, Virginia Beach, Virginia; Robert Bruce Jones, Newport News, Virginia, for Appellants. Neil H. MacBride, United States Attorney, Laura P. Tayman, Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jeffrey Lamont Banks and Brian Lee Morton challenge their convictions by jury of several heroin distribution offenses, arguing only that the evidence was insufficient to convict them. We have reviewed the record and affirm.

"A defendant challenging the sufficiency of the evidence faces a heavy burden because the jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it." United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010) (internal citation, quotation marks and emphasis omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). (internal quotation marks omitted). "Our review is thus limited to determining whether, viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." Young, 609 F.3d at 355 (internal quotation marks, alteration and ellipsis omitted).

Banks and Morton claim that their convictions were unsupported by sufficient evidence in two respects. First, they

contend that the Government failed to prove that their conspiracy offense involved a kilogram or more of heroin. See 21 U.S.C. § 841(b)(1)(A)(i) (2006). To this end, Banks and Morton rely on United States v. Hickman, 626 F.3d 756 (4th Cir. 2010), where we observed that the trier of fact "may not simply guess at the magnitude or frequency of unknown criminal activity" or base a conclusion as to the amount of drugs involved in a conspiracy upon "[u]nbridled speculation." Id. at 768-69. But the circumstances presented in Hickman are not remotely similar to those presented here. In fact, one of the Government's witnesses testified that he supplied Banks and Morton with heroin, knew that they were distributing it, and was "confident" that he had sold them more than one kilogram of heroin during the course of the conspiracy. The Appellants' assertion that no rational jury could have concluded that they conspired to distribute more than one kilogram of heroin is therefore baseless.

The Appellants also argue that the Government failed to prove that either of them intended to distribute the bags of heroin with which they were caught when arrested, rather than use them for their own use. See 21 U.S.C. § 841(a)(1) and (b)(1)(C) (2006). But this round of insufficiency arguments is as infirm as the first. Although the Appellants claim that the jury should have concluded that the heroin with which each of

4

them was arrested was possessed only for personal use, the jury simply found otherwise, on the basis of an ample record.  See Young, 609 F.3d at 355; United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).  These claims, too, are therefore entirely without merit.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED