**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4668**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER SANTIAGO, a/k/a Aye Eye,

Defendant - Appellant.

**No. 17-4743**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER JESUS SANTIAGO,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond and Newport News. Henry Coke Morgan, Jr., Senior District Judge. (3:09-cr-00299-HCM-1; 4:17-cr-00017-HCM-LRL-1)

Submitted: July 27, 2018                    Decided: August 2, 2018

Before DUNCAN and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark Diamond, Richmond, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals Alexander Jesus Santiago appeals his convictions for conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2012), two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (2012), and he challenges the sentence imposed upon revocation of his supervised release. Santiago first argues that the district court erred in failing to suppress evidence seized during a traffic stop. Second, he asserts that the evidence is insufficient to support three counts of conviction. Third, Santiago contends that the court erred in allowing testimony and evidence related to a small quantity of oxycodone that was seized during the traffic stop. Finally, Santiago argues that his revocation sentence is unreasonable. We affirm.

As to the January 5, 2017, traffic stop, Santiago contends that the automobile stop and subsequent search were unlawful because police lacked probable cause to believe that Santiago was involved in a crime, and the roadside search of Santiago, which entailed an officer reaching into Santiago's pants, was overly intrusive. "In reviewing a district court's ruling on a motion to suppress, this Court reviews conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (brackets and internal quotation marks omitted). Where the district court has denied a defendant's motion to suppress, "we construe the evidence in the light most favorable to the government." *Id.* (internal quotation marks omitted).

3

"An automobile stop . . . is subject to the reasonableness requirement of the Fourth Amendment." *United States v. Bowman*, 884 F.3d 200, 209 (4th Cir. 2018). "[I]n determining whether a traffic stop is reasonable, . . . [this] court asks (1) if the stop was legitimate at its inception, and (2) if the officer's actions during the seizure were reasonably related in scope to the basis for the traffic stop." *Id.* (citations and internal quotations marks omitted). "An officer's initial 'decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.'" *Id.* (quoting *Whren v. United States*, 517 U.S. 806, 810 (1996)). "Probable cause exists when 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" *United States v. Patiutka*, 804 F.3d 684, 690 (4th Cir. 2015) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)).

Viewing the facts in the light most favorable to the prosecution, we conclude that police possessed sufficient probable cause to stop the vehicle in which Santiago traveled. The district court determined that video evidence of the traffic stop supported the officer's assertion that a traffic violation occurred, and Santiago points to no evidence contradicting that finding. Thus, the district court did not clearly err in concluding that the initial stop was valid. *Clarke*, 842 F.3d at 293.

Second, Santiago contends that police did not have a probable cause to subject him to an intrusive search on the side of the interstate when a Virginia State Police trooper reached into Santiago's pants to retrieve a bundle of drugs from a compartment in his underwear. In assessing the reasonableness of an invasive search, we "balance the

4

invasion of personal rights caused by the search against the need for that particular search," examining the search in context and considering: "(1) the scope of the particular intrusion; (2) the manner in which the search was conducted; (3) the justification for initiating the search; and (4) the place in which the search was performed." *Sims v. Labowitz*, 885 F.3d 254, 261 (4th Cir. 2018). We conclude that, based on the manner of the search, all four factors militate in favor of the Government, and the search was thus reasonable under the circumstances.

As to the sufficiency of the evidence, we "review the denial of a motion for judgment of acquittal de novo" and "will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence, which is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "[W]e are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *Id.* (internal quotation marks omitted). Finally, "we allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *Id.* at 219-20.

With regard to Count 2, viewed in the light most favorable to the Government, Vernon Jones acted as a middleman who facilitated the September 28, 2016, heroin sale between Santiago and the CI: Santiago set the price of heroin at the initial meeting and finalized the price while the CI and Jones discussed the sale over the phone. Although there is no direct evidence that Santiago supplied the heroin sold that day, it is reasonable

5

to infer that Santiago was the heroin supplier because: (1) Jones and the CI had to wait two hours for Santiago to arrive before conducting the transaction; (2) Santiago arrived carrying an open chip bag that appeared to be weighted with something heavy; (3) the sale was completed within 10 minutes of Santiago's arrival; and (4) although the CI exchanged the heroin and money with Jones, Jones subsequently handed the money directly to Santiago.

As to Count 4, the CI called Santiago and arranged to purchase eight ounces of heroin. The two arranged to meet on January 5, 2017, to conduct the transaction. The CI called Santiago that day and informed Santiago that he would be at the arranged meeting place, a mall, in 15 or 20 minutes; Santiago responded that he would take longer to arrive, but confirmed that he was still going to the mall to conduct the transaction. Police stopped and arrested Santiago soon thereafter. When Santiago was searched, police discovered the hidden bags of heroin. The fact that Santiago arranged to sell heroin in Williamsburg at a specific location and time, was on his way to Williamsburg, and was arrested with two small, hidden packages of narcotics, all support the conclusion that the heroin Santiago possessed was intended for distribution, *see United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005), and, "[w]here physical facts and evidence are capable of more than one interpretation and reasonable inferences therefrom can be drawn by a jury, its verdict should not be disturbed." *United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014).

Santiago also contends that the evidence is insufficient to support his conviction for Count 1, the conspiracy count, because there is no evidence that he conspired with a

6

third party or that any conspiracy involved 100 grams or more of heroin. "To prove conspiracy, the government must demonstrate beyond a reasonable doubt (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." *Gomez-Jimenez*, 750 F.3d at 378. "Such an agreement need not be formal and may instead be a tacit or mutual understanding between the defendant and his accomplice." *Id.* (internal quotation marks omitted). "Circumstantial evidence alone is sufficient to support a conviction for conspiracy." *Id.* (internal quotation marks omitted).

The Government presented evidence that Jones arranged a meeting between the CI and Santiago, coordinated the sale of heroin from Santiago to the CI on September 28, 2016, discussed the price of heroin with Santiago and the CI over the phone, and acted as the middleman during the sale to ensure that Santiago did not directly give the heroin to, or receive the money from, the CI. This evidence sufficiently establishes that Santiago agreed with Jones to sell heroin, thereby establishing the necessary agreement to support a conspiracy conviction. *Gomez-Jimenez*, 750 F.3d at 378. Moreover, because the Government produced sufficient evidence to sustain Santiago's convictions for Counts 2, 3,[1] and 4, the Government proved that the conspiracy involved more than 100 grams of heroin.

---

[1] Santiago does not challenge the sufficiency of the evidence with regard to Count 3.

Santiago next argues that the district court erred in permitting the prosecution to introduce evidence that oxycodone was also seized during the search. "Even if the court erred in admitting . . . evidence, we reverse only if that error was not harmless."[2] *United States v. Recio*, 884 F.3d 230, 234 (4th Cir. 2018). An evidentiary error is harmless if "the judgment was not substantially swayed by the error." *United States v. Landersman*, 886 F.3d 393, 413 (4th Cir. 2018) (internal quotation marks omitted). Even assuming that an error occurred, in light of the substantial amount of evidence demonstrating that Santiago sold and possessed heroin with the intent to distribute, there is no reasonable probability that the jury verdict was substantially swayed by testimony regarding a small amount of oxycodone.

Finally, upon review of the revocation sentence imposed, we conclude that Santiago has presented no evidence or argument sufficient to overcome the presumption of reasonableness that is afforded to the below-policy-statement-range sentence imposed. *See United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (setting forth standard).

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] The Government contends that Santiago did not properly preserve his evidentiary arguments, and they are therefore reviewed for plain error, rather than abuse of discretion. *See United States v. Keita*, 742 F.3d 184, 189 (4th Cir. 2014) (setting forth standard of review). Because any alleged error—if one occurred—is harmless, we need not resolve this issue.